UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ALEJANDRA SOLIS,

                    Plaintiff,          NO. CV-08-0021-EFS

            v.

CITY OF BREWSTER, a municipal           **ORDER GRANTING PLAINTIFF'S**
corporation; CHIEF OF POLICE            **MOTION TO STRIKE AND DENYING**
RONALD J. OULES, in his                 **DEFENDANTS' JOINT MOTION FOR**
individual capacity; OFFICER            **PARTIAL SUMMARY JUDGMENT**
TIMOTHY RIEB, in his
individual capacity,

                    Defendants.

        Before the Court, without oral argument, is Defendants' City of
Brewster ("the City"), Chief Ronald Oules, and Officer Timothy Rieb's
Joint Motion for Partial Summary Judgment seeking a ruling that Plaintiff
Alejandra Solis may not recover in this 42 U.S.C. § 1983 action the
attorneys' fees and costs associated with defending criminal charges.
(Ct. Rec. 16.)  Plaintiff opposes the motion and also filed a Motion to
Strike Portions of Defendants' Joint Reply Memorandum (Ct. Rec. 37).
After reviewing the submitted material and relevant authority, the Court
is fully informed and grants Plaintiff's motion and denies Defendants'
motion.

ORDER ~ 1

**A.    Statement of Facts**

On August 1, 2006, in response to citizen complaints, Brewster Chief of Police Ronald Oules watched the intersection of State Route (SR) 97 and Bridge Street for individuals cutting through the Shell Gas Station parking lot in order to avoid the intersection's stop sign.  (Ct. Rec. 41 ¶¶ 1 & 2.)  At approximately 12:30 p.m., Chief Oules observed a green van driven by Ms. Solis approach the intersection - there were two cars at the stop sign.  *Id.* ¶ 3.  As Ms. Solis approached the intersection, she turned left off of Bridge Street into the Shell Gas Station parking lot.  *Id.* ¶ 3.

The parties sharply disagree as to what happened next.  Because Ms. Solis is the party opposing the motion for summary judgment, the Court considers the facts and all reasonable inferences therefrom as contained in the submitted affidavits, declarations, exhibits, transcripts, and Joint Statement of Uncontroverted Facts (Ct. Rec. 41) in Ms. Solis' favor. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1972) (*per curiam*).  The following facts are based on this standard.

Ms. Solis momentarily stopped at the fruit stand located in the Shell station parking lot, hoping to pick up peaches at the fruit stand at the request of her boss, Betty McKee  (Ct. Rec. 26 ¶ 1; Ct. Rec. 27 ¶ 3; Ct. Rec. 33 at 34:16-25; Ct. Rec. 41 ¶ 19.)  The fruit stand was closed; Ms. Solis waited briefly to see if someone would come out of the Shell station to open the stand.  (Ct. Rec. 33 at 34:16-25.) Not seeing anyone, Ms. Solis exited the parking lot and drove northbound on SR 97. (Ct. Rec. 41 ¶ 4.)  Chief Oules, who claims Ms. Solis did not stop near the fruit stand, initiated a traffic stop for cutting through the parking

1    lot. *Id.* ¶ 5.   Ms. Solis identified herself and provided a driver's

2    license and an expired insurance card.   *Id.* ¶ 5.   Chief Oules went back

3    to his vehicle and discovered that the driver's license was suspended,

4    *id.* ¶ 5; he then advised Ms. Solis that she would be arrested and her car

5    impounded, *id.* ¶ 6.   He returned to his vehicle for approximately twenty

6    (20) minutes.   (Ct. Rec. 33 at 37:18-19; Ct. Rec. 28-3 at 36:15.)   While

7    waiting in her van, Ms. Solis called her insurance company and then her

8    boss to advise her that she would be late for work because she had been

9    stopped by a police officer.   (Ct. Rec. 27 ¶ 5.)   When Chief Oules

10   returned to Ms. Solis' vehicle, she was still on the cell phone with her

11   boss, Betty McKee.   (Ct. Rec. 26 ¶ 2; Ct. Rec. 41 ¶ 21.)   Chief Oules

12   yelled at Ms. Solis to get off the cell phone; Ms. McKee heard this

13   command, as well as Officer Rieb, who had arrived on scene and was

14   standing on the passenger side of the van.   (Ct. Rec. 26 ¶ 2; Ct. Rec.

15   27 ¶ 5; Ct. Rec. 33 at 55:13-19; Ct. Rec. 41 ¶ 24.) Ms. Solis told Chief

16   Oules that she was talking with her boss.   (Ct. Rec. 26 ¶ 2.) Chief Oules

17   reached into the van and grabbed the cell phone out of Ms. Solis' hand,

18   hitting Ms. Solis on the chin with the phone in the process.   (Ct. Rec.

19   26 ¶ 2.) Ms. McKee testified that the telephone call ended abruptly.

20   (Ct. Rec. 28-3 at 125:12-15.)

21        Chief Oules then tried to physically remove Ms. Solis from the van.

22   (Ct. Rec. 27 ¶ 5; Ct. Rec. 28-3 at 37:19-25.)   Because she was buckled

23   in, Ms. Solis attempted to unbuckle her seat belt while Chief Oules

24   pulled her upper body out of the vehicle.   *Id.*   During the process of

25   trying to unbuckle her seatbelt and steady herself, Ms. Solis may have

26   struck Chief Oules in the stomach and knocked off his glasses.   *Id.*; Ct.

Rec. 33 at 36:5-16.   After Ms. Solis was removed from the vehicle by Chief Oules, Officer Rieb tasered Ms. Solis with Chief Oules' permission. (Ct. Rec. 41 ¶ 6.)   After being tasered, Ms. Solis stopped moving and Chief Oules forced her face down on the ground, placed his knee in her back, and handcuffed her.   *Id.*   Donna Brown, who was driving by, witnessed Chief Oules force Ms. Solis to the ground, place his knee on her back, and restrict Ms. Solis' hands. (Ct. Rec. 28-2 at 107:10-16.) Ms. Brown turned her vehicle around to get another look at the scene; Chief Oules waved at Ms. Brown as she passed by.   *Id.* at 110:13-19 & 111:19.

Chief Oules and Officer Rieb completed Incident Reports and Narratives detailing their version of the traffic stop and subsequent arrest of Ms. Solis; these reports contain inconsistencies and did not mention Ms. McKee or Ms. Brown.   *Id.* ¶¶ 7 & 22.   Both police reports were forwarded to the Okanagan County Prosecutor's Office for review. *Id.* ¶ 7.   Based solely on his review of the reports and his understanding of criminal statutes, Okanagan County Prosecuting Attorney Karl Sloan filed a Declaration for Criminal Summons and Information charging Ms. Solis with 1) Assault in the Third Degree (RCW 9A.36.031(1)(g)), 2) Resisting Arrest (RCW 9A.76.040), and 3) Driving While License Suspended or Revoked in the Third Degree (RCW 46.20.342(1)(c)).   *Id.* ¶¶ 8, 11, & 13-17.

On or about March 21, 2007, Ms. Solis filed a motion to dismiss the criminal charges on the grounds that Chief Oules did not have probable cause to stop Ms. Solis' van as "there is no statute that makes it unlawful to cut through a parking lot."   *Id.* ¶ 31.   Prosecutor Sloan

1    opposed the motion, arguing that Chief Oules had probable cause to stop
2    Ms. Solis' van. *Id.* ¶ 32. Okanagan County Superior Court Judge Burchard
3    ruled that it is not unlawful to drive through a parking lot to avoid a
4    stop sign and, therefore, Chief Oules did not have reasonable suspicion
5    or probable cause to stop or detain Ms. Solis. As a result, Judge
6    Burchard dismissed the charges of Resisting Arrest and Driving While
7    License Suspended or Revoked in the Third Degree. The charge of Assault
8    in the Third Degree proceeded to trial. *Id.* ¶ 33. A jury acquitted Ms.
9    Solis of assault. *Id.* ¶ 34.

10    Ms. Solis filed this civil lawsuit on January 17, 2008, claiming
11    recovery for damages resulting from the allegedly unconstitutional arrest
12    and seizure under 42 U.S.C. § 1983; the City's negligent hiring,
13    supervision, training and retention of the instant officers; malicious
14    prosecution; and other state law claims. (Ct. Rec. 1.) Defendants filed
15    the instant partial summary judgment motion on July 3, 2008. (Ct. Rec.
16    6.)

17    **B.    Standard**

18    Summary judgment is appropriate if the "pleadings, depositions,
19    answers to interrogatories, and admissions on file, together with the
20    affidavits, if any, show that there is no genuine issue as to any
21    material fact and that the moving party is entitled to judgment as a
22    matter of law." FED. R. CIV. P. 56(c). Once a party has moved for
23    summary judgment, the opposing party must point to specific facts
24    establishing that there is a genuine issue for trial. *Celotex Corp. v.*
25    *Catrett,* 477 U.S. 317, 324 (1986). If the nonmoving party fails to make
26    such a showing for any of the elements essential to its case for which

ORDER ~ 5

it bears the burden of proof, the trial court should grant the summary judgment motion. *Id.* at 322. "When the moving party has carried its burden of [showing that it is entitled to judgment as a matter of law], its opponent must do more than show that there is some metaphysical doubt as to material facts. In the language of [Rule 56], the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986) (citations omitted) (emphasis in original opinion).

When considering a motion for summary judgment, a court should not weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). This does not mean that a court will accept as true assertions made by the non-moving party that are flatly contradicted by the record. *See Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

**C.    Authority and Analysis**

Defendants ask the Court to find that Ms. Solis is not entitled to attorneys' fees and costs as a consequential damages component in her 42 U.S.C. § 1983 action because the filing of the criminal complaint by Prosecuting Attorney Sloan immunizes any wrongful conduct by Chief Oules. The parties agree on the applicable legal authority, but Ms. Solis

1  contends there are genuine issues of material fact precluding summary
2  judgment.

3      A successful plaintiff in a 42 U.S.C. § 1983 deprivation of
4  constitutional right suit is entitled to recover compensatory damages
5  suffered as a result of those deprivations. *Borunda v. Richmond*, 885
6  F.2d 1384, 1389 (9th Cir. 1989). Compensatory damages include
7  reasonable costs and attorneys fees incurred as a result of the prior
8  criminal proceeding. *Id.* at 1390; *Barlow v. Ground*, 943 F.2d 1132, 1136
9  (9th Cir. 1991). Police officers, however, "are not liable for damages
10 suffered by the arrested person after a district attorney fields charges
11 unless the presumption of independent judgment by the district attorney
12 is rebutted." *Smiddy v. Barney*, 665 F.2d 261, 266-67 (9th Cir. 1981);
13 *Borunda*, 885 F.2d at 1390. The presumption of the prosecutor's
14 independent judgment may be rebutted by evidence that the investigating
15 officer gave the prosecutor false information, pressured the prosecutor,
16 or omitted material information in the police report. *Id.*; *Smiddy*, 665
17 F.2d 267 ("These examples are not intended to be exclusive. Perhaps the
18 presumption may be rebutted in other ways.") To survive summary
19 judgment, this rebuttal evidence must be more than plaintiff's own
20 "account of the incident in question that conflicts with the account of
21 the officers involved." *Newman*, 457 F.3d 991, 994 (9th Cir. 2006).

22     Although some of the claimed omissions or misrepresentations are not
23 material when viewed in isolation, the Court finds, upon reviewing all
24 the evidence in Ms. Solis' favor, genuine issues of material fact exist
25 as to whether Prosecutor Sloan was precluded from exercising his
26 independent judgment exist. The claimed omissions and misrepresentations

1  range from the basis for the stop, the cell phone interaction between Ms.
2  Solis and Chief Oules, and Ms. Solis' removal from the van.

3      Ms. Solis' claim that she stopped briefly in front of the fruit
4  stand is corroborated by Ms. McKee's testimony that she asked Ms. Solis
5  to pick up peaches.  A jury could find that Chief Oules failed to notice
6  this brief stop because he was impacted by his familial relationship with
7  the Shell station owner.  Triable factual issue also exist regarding the
8  cell phone interaction between Ms. Solis and Chief Oules; Ms. Solis'
9  version is corroborated by Ms. McKee.  The jury can determine whether the
10 officers misrepresented the interaction and whether any misrepresented
11 or omitted facts were material to the probable cause determinations.

12     Neither officer contests Ms. Solis' claim that her seat belt
13 obstructed her exit from the van.  The jury can assess whether this is
14 a material fact that should have been included in the police reports.
15 Also, there is a genuine issue of material fact as to whether it was
16 reasonable police procedure to not include the names of Ms. Solis' boss
17 (Ms. McKee) or the acknowledged passerby (Ms. Brown) in the police
18 reports.

19     Ms. Solis submitted more evidence than simply her own version of the
20 incident.  Portions of Ms. Solis' version are corroborated by Ms. McKee
21 and Ms. Brown and by the officers' failure to challenge Ms. Solis'
22 contention that she was wearing her seat belt, thereby providing indicia
23 of reliability to her version.  When this reliability is viewed in
24 connection with the conflicts in the officers' reports regarding the cell
25 phone interaction and Ms. Solis' conduct in the van, the Court finds
26 there is "ample evidence from which a reasonable jury could conclude that

the arresting officers, through false statements and material omissions in their reports, prevented the prosecutor from exercising independent judgment." *Newman*, 457 F.3d at 996.  Although Prosecutor Sloan submitted a supplemental declaration stating that his probable cause determination remains the same even when considering Ms. Solis' alleged omission and fabrications (Ct. Rec. 32), the Court finds this declaration insufficient to overcome the presumption-rebutting evidence presented by Ms. Solis. It is the jury's role to determine whether the officers misrepresented or omitted facts to the prosecutor and whether these misrepresentations or omissions were responsible for the filing of the criminal complaint. *See Barlow*, 943 F.2d at 1137.[1]

For the foregoing reasons, **IT IS HEREBY ORDERED:**

1.    Defendants' Joint Motion for Partial Summary Judgment **(Ct. Rec. 16)** is **DENIED.**

///

///

_____

[1]    Defendants claim that there is no evidence of bad faith or maliciousness and, further, that Superior Court Judge Burchard concluded the officers did not act in bad faith.  (Ct. Rec. 29 pp. 16-17.)  Ms. Solis asked the Court to strike this portion of the reply brief.  Because these issues are irrelevant to the issue presently before the Court, i.e., whether Ms. Solis presented sufficient evidence to rebut the prosecutor independent judgment presumption, the Court grants the motion to strike subsection "C" of Defendants' reply brief.

1    2.    Ms. Solis' Motion to Strike Portions of Defendants' Joint Reply

2   Memorandum **(Ct. Rec. 37)** and related Motion to Expedite **(Ct. Rec. 34)** are

3   **GRANTED**.

4       **IT IS SO ORDERED.**   The District Court Executive is directed to enter

5   this Order and provide copies to counsel.

6           **DATED** this_23rd___ day of April 2008.

7

8                          ___s/Edward F. Shea___

9                          EDWARD F. SHEA
                    United States District Judge

10

    Q:\Civil\2008\0021.part.msj.wpd

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER ~ 10